**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS JAVIER ESPINO GUTIERREZ,<br><br>          Petitioner,<br><br>     v.<br><br>TODD BLANCHE, ETC., ET AL.,<br><br>          Respondents. | No. ED CV 26-3221-E<br><br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS AND BACKGROUND**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Verified Petition for Writ of Habeas Corpus, etc." ("the Petition") on June 11, 2026.  Respondents filed an Answer on June 18, 2026.  Petitioner filed a Reply on July 1, 2026.  At the Court's direction, on July 8, 2026, Respondents lodged an audio recording of a June 2, 2026 bond hearing before an immigration judge.  The Court has listened to the entirety of this recording.

Petitioner, a citizen of Mexico, was detained by ICE following Petitioner's parole from prison in late 2025.  Removal proceedings are ongoing.

///

///

Petitioner has a significant criminal history, including convictions in 2024 for stalking, criminal threats, corporal injury to a spouse or cohabitant, prohibited person owing or possessing ammunition, evading an officer, unlawfully driving or taking a vehicle, and receiving stolen property (Petition, p. 7). Petitioner has been a drug abuser. He smoked methamphetamine and fentanyl daily until at least 2022 (Petition, Exhibit L). As recently as late 2025, Petitioner suffered from auditory hallucinations (id.). At that time, Petitioner was diagnosed with an "unspecified psychosis" (id.).

On June 2, 2026, Petitioner received a hearing before an immigration judge to determine whether Petitioner would remain detained or be released on conditions. Government counsel argued, inter alia, that Petitioner's criminal history proved that Petitioner was an unacceptable danger. Petitioner's counsel argued, inter alia, that many of Petitioner's criminal offenses were "older," that Petitioner's criminal conduct had resulted from his mental health problems, and that his current support system and a "structured environment" would render Petitioner non-dangerous if released on conditions. The immigration judge, evidently unpersuaded by Petitioner's arguments, ruled that the Government had carried its burden of proving by clear and convincing evidence that Petitioner is an unacceptable danger and should remain detained. Petitioner now argues that the June 2, 2026 proceeding before the immigration judge violated Petitioner's due process rights.

**DISCUSSION**

A federal district court's jurisdiction to review bond or detention decisions by immigration judges is limited. See Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024) ("Martinez v. Clark"). District courts review dangerousness findings under an "abuse of discretion" standard. See id. at 784. This "abuse of discretion standard" is "deferential." See Martinez v. Clark, 124 F.4th at 784. "That deference reflects Congress's decision to cabin judicial review in removal proceedings. . . . And we tread especially carefully in this area where Congress

sought to eliminate judicial review."  Id. (citations and quotations omitted).  In the abuse of discretion review, the Court may not "reweigh evidence," and the Court should "generally, in the absence of any red flags," accept that the immigration authorities applied the proper standards.  Martinez v. Clark, 124 F.4th at 785.

Under the applicable "deferential" standard, the Court is unable to conclude that the immigration judge abused discretion by denying bond on the ground of dangerousness.  In Martinez v. Clark, the Ninth Circuit held as a matter of law that an immigration judge's detention of an alien as a danger based on relatively remote drug convictions did not constitute an abuse of discretion.  See id. 785.  Given this controlling precedent (and putting aside any other evidence of Petitioner's alleged dangerousness), Petitioner's significant criminal history suffices to demonstrate under the circumstances presented that the immigration judge's denial of bond was not an abuse of discretion.  See id.; see also Larios v. Wofford, 2026 WL 765019 (E.D. Cal. March 18, 2026) (alien was unlikely to be successful in challenging immigration judge's dangerousness finding where the alien had a significant (though years old) criminal history, including a charge of possessing ammunition); C.A.R.V. v. Wofford, 2026 WL 241823 (E.D. Cal. Jan. 29, 2026) (denying habeas relief to an alien whom an immigration judge detained as a danger based on a DUI conviction); Castaneda v. Aitken, 2015 WL 3882755 (N.D. Cal. June 23, 2015) (denying habeas relief to an alien whom an immigration judge detained as a danger based on two DUI arrests that did not result in any conviction).

///

///

///

///

///

///

///

3

**CONCLUSION**

Petitioner has failed to demonstrate that his current detention violates his federal rights. Therefore, the Petition is denied and dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 13, 2026

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE